IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

THOMAS L. HENNAGAN, JR.,

    Petitioner,                    No. 2:11-cv-1277 MCE CKD P

    vs.

JAMES D. HARTLEY,

    Respondent.                 FINDINGS AND RECOMMENDATIONS

_____/

        Petitioner, a state prisoner proceeding pro se and in forma pauperis, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Before the court is respondent's December 6, 2011 motion to dismiss the petition as untimely filed. (Dkt. No. 14.) Petitioner has filed an opposition to that motion and respondent has filed a reply. (Dkt. Nos. 18, 19.) For the reasons discussed below, the undersigned will recommend that respondent's motion to dismiss be granted.

BACKGROUND

        In 2006, petitioner pled no contest to engaging in lewd and lascivious conduct with a child under the age of fourteen in violation of California Penal Code section 288(a). He

\\\\\

\\\\\

1

was sentenced to the upper term of eight years in state prison. (Lod. Doc. 1-2.)[1] The imposition of the upper term was a stipulated sentence, expressly agreed to by defendant. (Lod. Doc. 2 at 1-2.) On June 12, 2007, the California Court of Appeal, Third Appellate District, affirmed the judgment. (Lod. Doc. 2.) Petitioner did not seek review in the California Supreme Court.

Petitioner subsequently filed three post-conviction collateral challenges to his conviction in the state courts:

On December 22, 2009, he filed a petition for writ of habeas corpus in the Sacramento County Superior Court. (Lod. Doc. 3.) On February 26, 2010, the superior court denied the petition as untimely. (Lod. Doc. 4.)

On April 8, 2010, he filed a petition for writ of habeas corpus in the California Court of Appeal, Third Appellate District. (Lod. Doc. 5.) On April 15, 2010, the court of appeal summarily denied the petition. (Lod. Doc. 6.)

On May 6, 2010, he filed a petition for writ of habeas corpus in the California Supreme Court. (Lod. Doc. 7.) On February 23, 2011, the court denied the petition as untimely, citing In re Robbins, 18 Cal. 44th 770, 780 (1998) and In re Clark, 5 Cal. 4th 750, 797-798 (1993). (Lod. Doc. 8.)

Petitioner constructively filed the instant action on May 9, 2011. (Dkt. No. 1.)

STATUTE OF LIMITATIONS UNDER THE AEDPA

Because this action was filed after April 26, 1996, the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") are applicable. See Lindh v. Murphy, 521 U.S. 320, 336 (1997); Clark v. Murphy, 331 F.3d 1062, 1067 (9th Cir. 2003). The AEDPA imposed a one-year statute of limitations on the filing of federal habeas petitions. Title 28 U.S.C. § 2244 provides as follows:

(d) (1) A 1-year period of limitation shall apply to an application

---

[1] Lodged documents refer to those documents lodged by respondent on December 23, 2011. (Dkt. No. 15.)

for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –

    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

    (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

The AEDPA statute of limitations is tolled during the time a properly filed application for post-conviction relief is pending in state court. 28 U.S.C. § 2244(d)(2). The statute of limitations is not tolled during the interval between the date on which a decision becomes final and the date on which the petitioner files his first state collateral challenge. Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999). Once state collateral proceedings are commenced, a state habeas petition is "pending" during a full round of review in the state courts, including the time between a lower court decision and the filing of a new petition in a higher court, as long as the intervals between petitions are "reasonable." See Evans v. Chavis, 546 U.S. 189, 192 (2006); Carey v. Saffold, 536 U.S. 214, 222-24 (2002).

ANALYSIS

I. Commencement of the Running of the Limitation Period

    Under § 2244(d)(1)(A), the limitation period begins to run on "the date on which

3

the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." See Wixom v. Washington, 264 F.3d 894, 897 (9th Cir. 2001). The statute commences to run pursuant to § 2244(d)(1)(A) upon either 1) the conclusion of all direct criminal appeals in the state court system, followed by either the completion or denial of certiorari proceedings before the United States Supreme Court; or 2) if certiorari was not sought, then by the conclusion of all direct criminal appeals in the state court system followed by the expiration of the time permitted for filing a petition for writ of certiorari. Wixom, 264 F.3d at 897 (quoting Smith v. Bowersox, 159 F.3d 345, 348 (8th Cir.1998), cert. denied, 525 U.S. 1187 (1999)).

Here, petitioner sought direct review of his conviction in the state court of appeal, which affirmed the judgment on June 12, 2007. (Lod. Doc. 2.) Petitioner did not seek direct review in the California Supreme Court. Thus, the time to seek direct review ended on June 22, 2007, when the ten-day period following the issuance of the state court of appeal's opinion expired. Cal. Rules of Court, Rule 8.500(e)(1) (petition for review must be served and filed within 10 days after the Court of Appeal decision is final in that court); Rule 8.387(b)(2)(A) (Court of Appeal decision denying petition for writ of habeas corpus without order to show cause is final upon filing).[2]  The one-year limitations period commenced running the following day, June 23, 2007, and concluded one year later on June 22, 2008. 28 U.S.C. § 2244(d)(1); Fed. R. Civ. P. 6(a). The instant petition was filed nearly three years later on May 9, 2011.

II. Statutory Tolling

Title 28 U.S.C. § 2244(d)(2) states that the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent

---

[2] Respondent calculates the dates slightly differently by applying the general rule that "Except as otherwise provided . . . , a Court of Appeal decision in a habeas corpus proceeding is final in that court 30 days after filing." California Rule of Court, Rule 8.387(b). The undersigned finds that Rule 8.387(b)(2)(A) is more applicable in this case. At any rate, the 30-day difference between these two provisions is insignificant in this case.

judgment or claim is pending shall not be counted toward" the one-year limitation period. 28 U.S.C. § 2244(d)(2).

State time limits are conditions to filing which render a petition not properly filed. Pace, supra, 544 U.S. at 417. When a state court rejects a petition for post-conviction relief as untimely, the petition is not a "properly filed" application for post-conviction or collateral review within the meaning of § 2244(d)(2), and thus it does not toll the running of the limitation period. Id.

Here, petitioner filed three state post-conviction collateral challenges between December 2009 and May 2010, as described above. His petitions to the Sacramento County Superior Court and the California Supreme Court were expressly denied as untimely. (Lod. Docs. 4, 8.) Thus, these state habeas petitions were not "properly filed" so as to toll the running of the limitations period.

In addition, all three state petitions were filed after the one-year statutory limitations period ended on June 22, 2008. The tolling provision of section 2244(d)(2) can only pause a clock not yet fully run; it cannot "revive" the limitations period once it has run (i.e., restart the clock to zero). Thus, a state court habeas petition filed beyond the expiration of AEDPA's statute of limitations does not toll the limitations period under section 2244(d)(2). See Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003); Jiminez v. Rice, 276 F.3d 478, 482 (9th Cir. 2001). Accordingly, petitioner's three state habeas petitions, all of which were filed after the AEDPA deadline, cannot toll the running of the already-run statute.

III. State-Created Impediment

Petitioner does not dispute that the petition is untimely under the statutory tolling analysis. (Dkt. No. 18 at 1, 4.) Nor does he argue that he is entitled to equitable tolling. Rather, petitioner argues for the applicability of section 2244(d)(1)(B),which allows the limitations period to commence on "the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the

applicant was prevented from filing by such State action." "The limited case law applying § 2244(d)(1)(B) has dealt almost entirely with the conduct of state prison officials who interfere with inmates' ability to prepare and to file habeas petitions by denying access to legal materials." Shannon v. Newland, 410 F.3d 1083, 1087 (9th Cir. 2005), citing Whalem/Hunt v. Early, 233 F.3d 1146 (9th Cir. 2000) (en banc); Egerton v. Cockrell, 334 F.3d 433 (5th Cir. 2003). To obtain relief under section 2244(d)(1)(B), the petitioner must show a causal connection between the unlawful impediment and his failure to file a timely habeas petition." Bryant v. Schriro, 499 F.3d 1056, 1060 (9th Cir. 2007).

Petitioner asserts that two state-created impediments affected his ability to file a federal habeas petition. The first was an alleged error by the superior court in denying his request to be considered for probation in a decision dated February 20, 2007. (Dkt. No. 18 at 3.) The superior court ruled that probation in petitioner's case was "strictly prohibited by Penal Code § 1203.085(b), as defendant stands convicted of a serious and violent felony committed while he was on parole. Nor was it ever an option for the court, as the parties, including defendant, specifically agreed to having an eight-year prison sentenced imposed in exchange for defendant's plea of no contest[.]" (Id. at 21-22 .) Petitioner argues that the superior court misapplied the penal statute. He asserts that he did not discover that the court had "ruled in error" until September 2009. (Id. at 3.)

Petitioner contends that the second state-created impediment was the alleged ineffective assistance of his appellate counsel in failing to challenge the superior court's decision that petitioner was not eligible for probation. (Id. at 4.)

Petitioner also suggests that the ineffective assistance of his trial counsel, who allegedly "failed to revive a contemporaneous objection during Petitioner's sentencing hearing and failed to review the pre-sentence report with petitioner prior to petitioner being sentenced," constituted a state-created impediment. Petitioner claims that "[t]rial counsel's failures" caused him to file the motion seeking to have his sentence recalled in favor of probation, which the

superior court denied in February 2007. (Id. at 7-8.)

None of these circumstances qualifies as a state-created impediment under section 2244(d)(1)(B). Petitioner has not demonstrated that the actions of either the superior court or his trial or appellate counsel violated the Constitution or laws of the United States. See Strickland v. Washington, 466 U.S. 668, 688-693 (1984) (to demonstrate ineffective assistance of counsel, petitioner must show that counsel's performance fell below objective standard of reasonableness; and that, but for counsel's ineffectiveness, the result of the proceeding would have been different). See also Shannon, supra, 410 F.3d. at 1087 (state court's determination of its own substantive law in a way that left habeas petitioner with no meritorious federal claim cannot constitute an "impediment" under section 2244(d)(1)(B)). Thus petitioner is not excused from timely filing on this basis.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Respondent's December 6, 2011 motion to dismiss for untimeliness (Dkt. No. 14) be granted; and

2. This case be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within fourteen days after service of the objections. The parties are

\\\\\

\\\\\

\\\\\

\\\\\

\\\\\

advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated: June 4, 2012

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

2
henn1277.mtd